LAWRENCE D. MILLER SB# 77448
Attorney At Law
1200 Sixth Avenue, Suite 300
Belmont, CA 94002

Telephone: (650) 592-9151

Attorney for Creditors, Mike Rosen and Patrick MacIntyre

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re:<br>  RICHARD CHIU,<br><br>  Debtor. | Case No. 13-43677<br><br>Chapter 7<br><br>CREDITORS' FINAL TRIAL BRIEF<br><br>Date: October 29, 2015<br>Time: 9:00 a.m.<br>Place: Place: 1300 Clay Street, Oakland, CA 94612<br>Courtroom 201<br>Hon. Roger L. Efremsky, Judge |
|---|---|

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. APPLICABLE LAW ............................................................................................................3

    A. Burden of Proof .........................................................................................................3

    B. California Law Determines Judicial Lien Creditors' Interests in the Property................3

    C. The Value Less Liens and Exemption ........................................................................4

    D. The Debtor Lacks Standing to Challenge the Validity of the Spondulix Abstract of Judgment......9

    E. The Social Security Number Was Unknown ............................................................11

    F. The Debtor Lacks Standing to Challenge Creditor's Abstract of Judgment as a Preference .........11

    G. The First American Abstract of Judgment ...............................................................11

III. CONCLUSION....................................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Dewsnup v. Timm*, 502 U.S. 410, 418-419; 112 S.Ct. 773; 116 L.Ed.2d 903 (1992) ............................5, 9

*In re Been*, 153 F.3d 1034, 1035 (9th Cir. 1998), as amended (Nov. 4, 1998............................................9

*In re Catli*, 999 F.2d 1405, 1406 (9th Cir. 1993) ............................................................................3

*In re Chabot,* 992 F.2d 891, 895 (Ninth Circuit 1993)......................................................................7

*In re Concannon*, 338 B.R. 90 (2006) ........................................................................................6, 7

*In re Gebhart*, 621 F.3d 1206, 1211 (Ninth Circuit 2010) ................................................................8

*In re Heintz*, 198 B.R. 581, 586 (B.A.P. 9th Cir. 1996)..................................................................11

*In re Kanakaris* 341 B.R. 33, 34-35 (2006)...................................................................................5

*In re Kerbs* ............................................................................................................................8

*In re Mulch*, 182 B.R. 569, 574-75 (Bankr. N.D. Cal. 1995)............................................................8

*In re Watts*, 298 F.3d 1077, 1080 (Ninth Circuit 2002) ................................................................3, 7

*Laskin v. First Nat'l Bank of Keystone (In re Laskin),* 222 B.R. 872 (9th Cir. BAP 1998).......................6

**Statutes**

11 U.S.C. § 522 ..................................................................................................................7, 9, 12

11 U.S.C. § 547 ......................................................................................................................2, 3

California Code of Civil Procedure, § 674............................................................................2, 9, 10, 11

California Code of Civil Procedure, § 697.340.................................................................................4

**Treatises**

16 Cal. Jur. 3d Courts § 292.........................................................................................................9

Cal.Prac. Guide Bankruptcy Ch. 18 -A……………………………………………………………….5

Cal.Prac. Guide Enf. J & Debt Ch. 6B-3……………………………………………………………..11

## I. INTRODUCTION

Creditors' Final Trial Brief reiterates and supplements Creditors' Trial Brief and Creditors' Reply Brief heretofore filed with the Court.

Debtor filed his motion seeking to avoid the judgment liens of Spondulix Company Inc. (hereafter "Spondulix") and First American Title Insurance Company (hereafter "First American") on the property commonly known as 1Winant Way, Alameda, California (hereafter "the property").

Spondulix recovered a judgment against Debtor, among others, before the Alameda Superior Court. The judgment was entered July 21, 2011, in the sum of $872,304.95. An Abstract of Judgment was recorded on September 13, 2012, (Exhibits 8 and A) in favor of Spondulix in Alameda County where Debtor's property at 1 Winant Way, Alameda, California, is located.

First American recovered a judgment for $200,000 against Debtor, among others. An Abstract of Judgment of the First American judgment was recorded with the Alameda County Recorder on January 11, 2013 (Exhibits 9 and B, Decl. of Richard Chiu at Doc. 35, p. 2, line 11).

Spondulix's judgment was assigned to Creditor, Mike Rosen. Mike Rosen is the holder of the judgment in favor of Spondulix against Debtor (Exhibit C, Supplemental Stipulation of Facts at ¶ 5). Mike Rosen, as the Assignee of the Spondulix judgment recorded a second Abstract of Judgment with the Alameda County Recorder on April 15, 2013 (Exhibits 10 and D). On May 13, 2013, Mike Rosen recorded with the Alameda County Recorder an Amended Abstract of Judgment to the Spondulix Abstract of Judgment recorded September 13, 2012 (Exhibits 11 and E). The Amended Abstract of Judgment contains the Debtor's social security number.

The recordings of the judicial liens are summarized as follows:

| | | |
|---|---|---|
| Spondulix Abstract of Judgment | $872,304.95 | 9/13/2012 |
| First American Abstract of Judgment | $200,000.00 | 1/11/ 2013 |
| Mike Rosen Abstract of Judgment | $872,304.95 | 4/15/2013 |
| Spondulix Amended Abstract of Judgment | $872,304.95 | 5/13/2013 |

The Spondulix judicial lien is junior only to the First Deed of Trust in favor of Wachovia Bank. Debtor's motion asserts the Wachovia lien had a balance owed of $592,532 on the date Debtor filed his petition in bankruptcy. (Decl. of Richard Chiu filed in support of Debtor's motion at Doc 35, p. 1, line

1

28). Debtor filed his petition in bankruptcy on June 27, 2013.

The First American judgment was assigned to Patrick MacIntyre. Patrick MacIntyre is the holder of the judgment in favor of First American against Debtor (Exhibit F, Supplemental Stipulation of Facts at ¶ 6).

Debtor claims, and is entitled to, an exemption of $100,000 (Supplemental Stipulation of Facts at ¶ 4).

Debtor and Creditors stipulated the Debtor's property had a value of $750,000 on June 27, 2013, when Debtor's Petition in Bankruptcy was filed (Supplemental Stipulation of Facts at ¶ 3).

During the October 29, 2015, hearing before this Court, Debtor's counsel orally stipulated to allow Creditors to file a declaration by James M. Hester in lieu of testimony in the event the parties could not reach a stipulation as to the content of Mr. Hester's testimony. The parties have been unable to reach a stipulation. Creditors therefore have submitted a declaration by Mr. Hester.

The Debtor's motion has raised the following issues before the Court: 1) Whether the Spondulix judgment lien (Exhibits 8 and A) can be avoided in its entirety, and if not, then whether the Spondulix lien can be avoided in some amount; 2) If the Spondulix lien is avoidable, whether the First American judgment lien (Exhibits 9 and B) can be avoided in its entirety, and if not, then whether the First American Lien can be avoided in some amount; 3) Whether the Debtor has standing to object to the absence of the Debtor's social security number on the Spondulix judgment lien recorded September 13, 2012, under California Code of Civil Procedure, § 674(b); 4) Whether the absence of the Debtor's social security number on the Spondulix judgment lien recorded September 13, 2012, renders the judgment lien void or voidable. 5) Whether the Abstract of Judgment (Exhibits 10 and D) and Amended Abstract of Judgment (Exhibits 11 and E) recorded within 90 days of the date the Debtor filed his Petition is avoidable as a preference under 11 U.S.C. § 547; 6) If the Abstract of Judgment (Exhibits 10 and D) and Amended Abstract of Judgment (Exhibits 11 and E) are subject to avoidance as a preference, whether the Debtor has standing to avoid the liens under 11 U.S.C. § 547.

Creditor, Mike Rosen, contends: 1) The Spondulix judgment lien (Exhibits 8 and A) is not avoidable in its entirety and cannot be "stripped down" because the Debtor's exemption is not impaired; 2) if the Spondulix judgment lien is avoidable, then the First American judgment lien is not avoidable

2

because the Debtor's exemption is not impaired; 3) the Debtor lacks standing under California law to object to the absence of the Debtor's social security number on the Spondulix judgment lien recorded September 13, 2012; 4) if the Debtor has standing to object to the Spondulix judgment lien, the judgment lien is valid because the Debtor's social security number was unknown to the attorney who prepared the Abstract of Judgment when the Abstract of Judgment was prepared (Decl. of James M. Hester) and the Amended Abstract of Judgment (Exhibits 11 and E) relates back to the Spondulix judgment lien recorded September 13, 2012 (Exhibits 8 and A), which cured the alleged defect; 5) the Amended Abstract of judgment (Exhibits 11 and E) relates back to the original Abstract of Judgment recorded September 13, 2012 (Exhibits 8 and A) and is therefore not avoidable as a preference; and 6) the Debtor lacks standing to assert the Abstract of Judgment recorded by Mike Rosen on April 5, 2013, (Exhibits 10 and D) or the Amended Abstract of Judgment recorded May 13, 2013 (Exhibits 11 and E) are voidable preferences under 11 U.S.C. § 547 because the Debtor's exemption is not impaired.

Patrick MacIntyre, the Assignee of the First American judgment (Exhibits 9 and F), does not challenge either the validity of the Abstract of Judgment (Exhibits 8 and A) recorded by Spondulix or that the Spondulix Abstract of Judgment is senior to the First American Abstract of Judgment (Exhibits 9 and B).

## II. APPLICABLE LAW

A. Burden of Proof

Debtors who seek to avoid a Creditor's judicial lien bear the burden of proof on all issues.

> Thus, under § 522(f)(1), a debtor may avoid a lien if three conditions are met: (1) there was a fixing of a lien on an interest of the debtor in property; (2) such lien impairs an exemption to which the debtor would have been entitled; and (3) such lien is a judicial lien. In re Stone, 119 B.R. 222, 226 (Bankr.E.D.Wash.1990). The debtor has the burden of demonstrating that he is entitled to avoid a judicial lien under § 522(f)(1). See In re Butler, 5 B.R. 360, 361 (Bankr.D.Md.1980).

(*In re Catli*, 999 F.2d 1405, 1406 (9th Cir. 1993).)

B. California Law Determines Judicial Lien Creditors' Interests in the Property

California law determines whether a lien attaches to a Debtor's properties, and if the lien attaches, federal bankruptcy law determines whether or to what extent the lien impairs a Debtor's exemption. (*In re Watts*, 298 F.3d 1077, 1080 (Ninth Circuit 2002).)

3

The Spondulix and First American judgment liens (Exhibits A, B, and D) attached to the Debtor's interest, present and future, in the property when recorded with the Alameda County Recorder.

> Except as provided in Section 704.950:
> (a) A judgment lien on real property attaches to all interests in real property in the county where the lien is created (whether present or future, vested or contingent, legal or equitable) that are subject to enforcement of the money judgment against the judgment debtor pursuant to Article 1 (commencing with Section 695.010) of Chapter 1 at the time the lien was created, but does not reach rental payments, a leasehold estate with an unexpired term of less than two years, the interest of a beneficiary under a trust, or real property that is subject to an attachment lien in favor of the creditor and was transferred before judgment.
> (b) If any interest in real property in the county on which a judgment lien could be created under subdivision (a) is acquired after the judgment lien was created, the judgment lien attaches to such interest at the time it is acquired.

(California Code of Civil Procedure, § 697.340.)

The parties have stipulated the Debtor's residence, located at 1 Winant Way, Alameda, California, had a value of $750,000 and was subject to a First Deed of Trust having a balance owed of $592,532 on June 27, 2013.

C. The Value Less Liens and Exemption

Either the Spondulix or First American judgment lien attached if the value of the property exceeded the debt owed Wachovia and the Debtor's exemption.

Debtor's valuation:

| ITEM | VALUE | EQUITY |
|---|---|---|
| 1 Winant Way | $750,000 | $750,000 |
| Wachovia Lien | $592,532 | $157,468 |
| Debtor's Claimed Exemption | $100,000 | $57,468 |

The equity in the property, as of the date of the filing of the Debtor's Bankruptcy Petition, in excess of the only senior lien and the Debtor's exemption, was $57,468.

A Creditor's lien which impairs a Debtor's exemption is either avoided in full or not avoided at all. To the extent the value of the property, less the liens senior to the Creditors' lien and Debtor's exemption on the day a Debtor files a petition in bankruptcy, leaves $1 of equity, a Creditor's lien may not be avoided.

> The values of the judgment liens are "measured" as of the petition date (not "fixed" as argued by the debtor) for purposes of applying the formula in § 522(f)(2)(A). *In re Salanoa,* 263 B.R. 120, 123 (Bankr.S.D.Cal.2001) (finding that the petition date is the

4

operative date to make all § 522(f) determinations for purposes of applying the formula, *i.e.,* the fair market value of the debtor's property, the amount of the debtor's exemption, and the value of the liens are measured as of the date of the filing of the petition). The *Salanoa* court noted that this "approach is consistent with *Dewsnup* because it allows a lien creditor to enjoy the increase in value if the lien is not avoided. However, it also preserves the parties' rights as they existed on the petition date to the extent the lien is avoidable under section 522(f)." *Id.*

(*In re Kanakaris* 341 B.R. 33, 34-35 (2006).)

The Court in *In re Kanakaris*, *supra*, cited the United States Supreme Court case of *Dewsnup v. Timm*, *infra*, which recognized that a provision of the Bankruptcy Act which would allow the debt secured by a lien to be reduced to the present value of the property is invalid under the Takings Clause of the U.S. Constitution.

> Apart from reorganization proceedings, see 11 U.S.C. 616(1) and (10) (1976 ed.), no provision of the pre-Code statute permitted involuntary reduction of the amount of a creditor's lien for any reason other than payment on the debt. Our cases reveal the Court's concern about this. In Long v. Bullard, 117 U.S. 617, 620-621, 6 S.Ct. 917, 918, 29 L.Ed. 1004 (1886), the Court held that a discharge in bankruptcy does not release real estate of the debtor from the lien of a mortgage created by him before the bankruptcy. And in Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935), the Court considered additions to the Bankruptcy Act effected by the Frazier Lemke Act, 48 Stat. 1289. There the Court noted that the latter Act's "avowed object is to take from the mortgagee rights in the specific property held as security; and to that end 'to scale down the indebtedness' to the present value of the property." 295 U.S., at 594, 55 S.Ct., at 865. The Court invalidated that statute under the Takings Clause. It further observed: "No instance has been found, except under the Frazier-Lemke Act, of either a statute or decision compelling the mortgagee to relinquish the property to the mortgagor free of the lien unless the debt was paid in full." Id., at 579, 55 S.Ct., at 858.

(*Dewsnup v. Timm*, 502 U.S. 410, 418-419; 112 S.Ct. 773; 116 L.Ed.2d 903 (1992).)

The holding in *Dewsnup v. Timm*, *supra*, 502 U.S. 410, involved stripping down a lien. The holding has been interpreted to apply both to stripping down and to stripping off liens.

> (1) [18:26.1] **Prohibition applies to "stripping off" completely unsecured liens:** *Dewsnup* involved "stripping *down*" an undersecured lien, as opposed to "stripping *off*" a completely unsecured lien. Even so, three circuit courts (as well as the Ninth Circuit BAP and many bankruptcy courts) have relied on *Dewsnup* to prohibit "stripping *off*" wholly unsecured ("under water") liens. Thus, the prevailing view is that *liens cannot be stripped down or stripped off in Chapter 7 cases*. [*Palomar v. First American Bank* (7th Cir. 2013) 722 F3d 992, 994; *In re Concannon* (9th Cir. BAP 2006) 338 BR 90, 94-95; *In re Talbert* (6th Cir. 2003) 344 F3d 555, 557-562; *Ryan v. Homecomings Fin'l Network* (4th Cir. 2001) 253 F3d 778, 783; *In re Laskin* (9th Cir. BAP 1998) 222 BR 872, 876]

(Cal. Prac. Guide Bankruptcy Ch. 18-A.)

The holding in *Dewsnup* was applied by the Ninth Circuit Appellate Panel to preclude a Debtor

5

from "stripping off" a judgment Creditor's wholly unsecured nonconsensual lien on rental real property. The Debtors in the case of *In re Concannon*, 338 B.R. 90 (2006) were guarantors of a debt on which the principal defaulted. The Creditor obtained a state court judgment in excess of two million dollars and recorded the judgment against the Debtor's property. The Debtor subsequently filed a Chapter 7 bankruptcy from which the Debtor received a discharge. Thereafter, the Creditor sought relief from the automatic stay to enforce its state court judgment against the property subject to the judgment Creditor's lien. The motion for relief was converted to an adversary proceeding to determine the validity, extent and priority of the Creditor's lien on the Debtor's rental property. The Bankruptcy Court conducted an evidentiary hearing and concluded the value the property did not exceed senior liens and granted relief from the automatic stay. The Bankruptcy Appellate Panel framed the issue as follows:

"Whether the bankruptcy court erred in its determination that § 506(d) cannot be used by a Chapter 7 Debtor to strip off a wholly unsecured nonconsensual lien." (*In re Concannon v. Imperial Capital Bank*, *supra* 338 B.R. at p. 92 (2006).)

The Appellate Panel, quoting from *Laskin v. First Nat'l Bank of Keystone (In re Laskin),* 222 B.R. 872 (9th Cir. BAP 1998) stated: "*Dewsnup* teaches that, unless and until there is a claims allowance process, there is no predicate for voiding a lien under § 506(d). Absent either a disposition of the putative collateral or valuation of the secured claim for plan confirmation in Chapter 11, 12 or 13, there is simply no basis on which to avoid a lien under § 506(d)."

The Bankruptcy Appellate Panel then articulated the rule from *Dewsnup* which recognized that lien stripping is not permitted in Chapter 7 cases. The Court' stated:

> Since *Dewsnup*, lien stripping has not been permitted in chapter 7 cases. Enewally, 368 F.3d at 1169. See, e.g., *Talbert v. City Mortgage Servs.* (*In re Talbert*), 344 F.3d 555, 562 (6th Cir.2003) (concluding that 'a Chapter 7 Debtor may not use 11 U.S.C. 506 to "strip off" an allowed junior lien where the senior lien exceeds the fair market value of the real property'); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 783 (4th Cir.2001) (holding that "an allowed unsecured consensual lien may not be stripped off in a Chapter 7 proceeding pursuant to the provisions of 11 U.S.C. 506(a) and (d)").

(*In re Concannon* (B.A.P. 9th Cir. 2006) 338 B.R. 90, 95.)

The Debtor in *Concannon* argued that *Dewsnup* applied only to consensual liens. The Bankruptcy Appellate Panel rejected the Debtor's contention as being "a distinction without a difference." The Appellate Panel stated:

> Debtors attempt to distinguish *Laskin* by arguing that *Dewsnup* and its progeny apply only to *consensual* liens. Debtors reason that Imperial's wholly unsecured judgment lien may be stripped off simply because it is *nonconsensual.* This is a distinction without a difference.

(*In re Concannon*, supra 338 B.R. at p. 95.)

The same rule applies to property subject to a claim of a dwelling or homestead exemption.

The Debtor is entitled to his exemption and no more. Post-petition appreciation belongs to the secured Creditors.

> Notwithstanding section 551 of this title, a transfer avoided under section 544, 545, 547, 548, 549, or 724(a) of this title, under subsection (f) or (h) of this section, or property recovered under section 553 of this title, may be preserved for the benefit of the debtor to the extent that the debtor may exempt such property under subsection (g) of this section or paragraph (1) of this subsection.

(11 U.S.C.A. § 522(i)(2).)

Even where a declared homestead exists, the Debtor is limited to the exemption and no more. Under California law, the secured Creditor benefits from the value in the property in excess of senior liens and the dwelling exemption, including post-petition appreciation.

> Accordingly, as in *Stephan,* 733 F.2d at 642, we overrule *Jones* and hold, consistent with the intervening California case law, that a judgment creditor is entitled to surplus equity that accrues in a declared homestead after an abstract of judgment is recorded.[5]

(*In re Watts*, *supra*, at p.1083.)

After a bankruptcy is filed, post-petition appreciation continues to accrue to the benefit of the Creditor.

> We disagree with the Chabots' claim that they must receive post-petition appreciation in their property in order to be afforded their right to a fresh start. The Bankruptcy Code allows debtors certain exemptions to ensure they receive a fresh start after bankruptcy. These exemptions are not unlimited, however. In this case, where the debtors claimed state, rather than federal exemptions, the homestead exemption is limited to $45,000 by California law. The Chabots are entitled to this amount and no more. There is no basis for the proposition that the homestead exemption provides ownership benefits, such as the right to appreciation, beyond the set amount.

(*In re Chabot,* 992 F.2d 891, 895 (Ninth Circuit 1993).)

> In *Chabot,* the Ninth Circuit attempted to clarify the meaning of impairment of an exemption as contemplated under § 522(f)(1).[10] It held that an exemption is impaired only if a judicial lien impacts the debtor's ability to recover the amount of the exemption, thereby diminishing the value of the exemption. *Chabot,* 992 F.2d at 895. Unless the amount of the exemption is diminished by the lien, the lien cannot be avoided under § 522(f)(1). ***Chabot* altered the manner in which courts in this circuit dealt with**

7

> **motions to avoid judicial liens by holding that the unsecured portions of judicial liens should not be avoided because post-petition appreciation inures to the benefit of creditors.** *Chabot,* 992 F.2d at 894. *See also In re Hyman,* 967 F.2d 1316 (9th Cir.1992). **Applying this reasoning, the unsecured portion of liens would not be avoided; instead, the liens remain and attach to any post-petition appreciation in the property.[11] (Emphasis added.)**

(*In re Mulch*, 182 B.R. 569, 574-75 (Bankr. N.D. Cal. 1995).)

The rule that post-petition appreciation inures to the benefit of the Creditor was recognized by the Bankruptcy Court in *In re Kerbs* after the enactment of the Bankruptcy Reform Act of 1994.

> This circuit spoke to the issue of who receives the benefit of post-petition **appreciation** in *In re Hyman,* 967 F.2d 1316 (9th Cir.1992). Although the issue was not central to the decision, the court said, "[w]ere we to accept the [debtors'] argument that they're entitled to post-filing **appreciation**, we would also have to hold that a debtor is subject to post-filing *de*preciation." *Id.* at 1321. Clearly the Bankruptcy Code does not envision such fluctuations in the value of an exemption. Debtors are entitled to the set amount of the exemption, no more and no less. If debtors wish to realize any **appreciation**, they can sell the property, receive the exempt amount from the proceeds, and invest it as they see fit. *City National Bank v. Chabot (In re Chabot),* 992 F.2d 891, 895–896 (9th Cir.1993) (while this Court has held that the Bankruptcy Reform Act of 1994 overruled portions of *Chabot,* the above quoted passage remains intact, *see In re Moe,* 199 B.R. 737, 738 (Bankr.Mont.1995)).

(*In re Kerbs*, 207 B.R. 211, 214 (Bankr. D. Mont. 1997).)

The rule adopted by the Ninth Circuit recognizes that post-petition appreciation inures to the benefit of the estate or, in the case of a secured Creditor, to the secured Creditor.

> The debtors argue that this provision effectively freezes the value of property claimed as exempt as of the date of bankruptcy filing. This argument does not accord, however, with past holdings of this court, which establish that what is frozen as of the date of filing the petition is the value of the debtor's exemption, not the fair market value of the property claimed as exempt. *See Hyman v. Plotkin (In re Hyman),* 967 F.2d 1316, 1320 n. 9 (9th Cir.1992). A number of our cases have held that, under the California exemption scheme, the estate is entitled to postpetition appreciation in the value of property a portion of which is otherwise exempt. *See Alsberg v. Robertson (In re Alsberg),* 68 F.3d 312, 314-15 (9th Cir.1995); *Hyman,* 967 F.2d at 1321; *Schwaber v. Reed (In re Reed),* 940 F.2d 1317, 1323 (9th Cir.1991); *see also Viet Vu v. Kendall (In re Viet Vu),* 245 B.R. 644, 647-48 (9th Cir.BAP2000).
> The fact that the cases cited above dealt with exemptions claimed under California's statutory exemption scheme does not limit their applicability to the cases at bench, where exemptions were claimed under Arizona and federal statutes. *Reilly* has reaffirmed certain of the underlying principles in these cases and clarified that, with respect to how exempt property is defined, their reasoning is applicable not just to California's exemption scheme, but to all statutes that limit the value of an exemption to an "interest" in property capped at a dollar value. Moreover, this court's past position on postpetition appreciation is based not solely on the California statute defining exempt property but also on 11 U.S.C. § 541(a)(6) (including as property of the estate "[p]roceeds, product, offspring, rents, or profits of or from property of the estate ..."), which is equally applicable to the cases at issue here. *See In re Reed,* 940 F.2d at 1323; *In re Viet Vu,* 245 B.R. at 649.

(*In re Gebhart*, 621 F.3d 1206, 1211 (Ninth Circuit 2010).)

8

The Debtor is entitled to the set amount of the exemption, no more and no less. Creditors do not challenge the Debtor's entitlement to a dwelling exemption in the property.

The case of *In re Been*, 153 F.3d 1034, 1035 (9th Cir. 1998), <u>as amended</u> (Nov. 4, 1998), cited by Debtor, does not overrule the cases cited above and does not stand for either stripping down a lien or lien stripping. In that case the Creditor was a sold out junior lienor. The issue before the Court was whether the Creditor's judgment lien arose out of a mortgage foreclosure and was therefore immune from avoidance under 11 U.S.C. § 522(f)(2)(C). The Court concluded the lien arose from a judgment for the breach of a promissory note and that consequently, 11 U.S.C. § 522(f)(2)(C) did not apply. The Court concluded the Creditor's lien impaired the Debtor's exemption except for $7,777. The Court did not discuss either stripping down a lien or lien stripping. Nor did the Court discuss the holding in *Dewsnup v. Timm*, 502 U.S. 410, or any of the cases that discussed either stripping down a lien or lien stripping. Nor did the Court in *In re Been* discuss post-petition appreciation.

> A fundamental qualification of the doctrine of stare decisis is that the authority of a decision is limited to the points in it actually involved and actually decided.[1] Thus, language used in an opinion is to be understood in the light of the facts and the issues then before the court,[2] and the authority of the decision does not extend to what may be said in the opinion aside from or in addition to the decided points.[3] Similarly, decisions are not authoritative for propositions or issues not considered[4] or discussed,[5] or for issues not raised and resolved.[6] Thus, the authority of a decision does not extend to any legal proposition that, on the facts of the case, might have been but was not raised or decided.[7]

(16 Cal. Jur. 3d Courts § 292.)

D.  The Debtor Lacks Standing to Challenge the Validity of the Spondulix Abstract of Judgment

The Debtor contends the Spondulix Abstract of Judgment is defective under California Code of Civil Procedure, § 674 for failure to contain the Debtor's social security number.

Debtor's anticipated reliance on California Code of Civil Procedure, § 674 is misplaced as Debtor lacks standing under § 674 to assert the absence of the social security number as a defense to the enforcement of the Abstract of Judgment. California Code of Civil Procedure, § 674 provides, in pertinent part:

> (a) Except as otherwise provided in Section 4506 of the Family Code, an abstract of a judgment or decree requiring the payment of money shall be certified by the clerk of the court where the judgment or decree was entered and shall contain all of the following:
> (1) . . . .
> (2) . . ..
> (3) . . ..

9

(4) . . ..
            (5) . . ..
            (6) The last four digits of the social security number and driver's license number of the
            judgment debtor if they are known to the judgment Creditor. If either or both of those sets
            of numbers are not known to the judgment creditor, that fact shall be indicated on the
            abstract of judgment.

(California Code of Civil Procedure, § 674.)

    First, only a purchaser, encumbrancer, or lessee without actual notice of the Abstract of

Judgment may assert the absence of a social security number as a defense to the enforcement of the

Abstract of Judgment.

            The purchaser, encumbrancer, or lessee without actual notice may assert as a defense
            against enforcement of the abstract of judgment the failure to comply with this section or
            Section 4506 of the Family Code regarding the contents of the original abstract of
            judgment notwithstanding the subsequent recordation of an Amendment to Abstract of
            Judgment.

(California Code of Civil Procedure, § 674(b).)

    Secord, Creditor, Mike Rosen, recorded an Amended Abstract of Judgment on May 13, 2013

(Exhibits 11 and E). The Amended Abstract of Judgment complied with California Code of Civil

Procedure, § 674(b).

            The Amendment to Abstract of Judgment shall contain all of the information required by
            this section or by Section 4506 of the Family Code, and shall set forth the date of
            recording and the book and page location in the records of the county recorder of the
            original abstract of judgment.

            The Amended Abstract of Judgment relates back to the recording date of the original Abstract of

Judgment.

            A recorded Amendment to Abstract of Judgment **shall have priority as of the date of
            recordation of the original abstract of judgment**, except as to any purchaser,
            encumbrancer, or lessee who obtained their interest after the recordation of the original
            abstract of judgment but prior to the recordation of the Amendment to Abstract of
            Judgment without actual notice of the original abstract of judgment. **(Emphasis added.)**

(California Code of Civil Procedure, § 674(b).)

    *Rutters, Enforcement of Judgments* addresses the issue of standing and states:

    d) [6:187.4] **Who may void defective abstract:** Regardless of whether an amended
    abstract of judgment (above) is recorded, only a "purchaser, encumbrancer or lessee" who
    obtained an interest in the debtor's property without actual notice of the original abstract
    may assert the defective abstract as a defense against its enforcement. [CCP § 674(b)]

    1) [6:187.5] **Not judgment debtor:** The judgment Debtor is precluded from voiding a
    defective abstract under CCP § 674(b).

10

(Cal. Prac. Guide Enf. J. & Debt Ch. 6B-3.)

The Debtor is neither a Debtor in possession nor is the Debtor acting on behalf of the Trustee for the benefit of the unsecured Creditors. Accordingly, the Debtor lacks standing to assert the Abstract of Judgment recorded September 13, 2012, is unenforceable. Even if the Abstract of Judgment recorded September 13, 2012, is arguably unenforceable, the filing of the Amended Abstract of Judgment cured any asserted defect.

E. The Social Security Number Was Unknown

Counsel for Spondulix who prepared the Abstract of Judgment recorded September 13, 2012, did not believe the social security number provided by the Debtor was accurate. Consequently, the Abstract of Judgment recorded September 13, 2012, accurately reflected that the Debtor's social security number was unknown. (Decl. of James M. Hester.)

The Amended Abstract of Judgment relates back to the date of the recording of the original Abstract, and therefore, is not subject to avoidance as a preference. (California Code Civ. Proc., § 674(b).)

F. The Debtor Lacks Standing to Challenge Creditor's Abstract of Judgment as a Preference

The Debtor's standing to challenge Creditor's Judicial Lien is limited to the extent that the lien impairs the Debtor's exemption.

> Under § 522(h)[7], if the trustee could have avoided the transfer but did not, the debtor may maintain the preference action himself. However, § 522(h) allows the debtor to avoid the transfer only "to the extent that the debtor could have exempted such property under subsection (g)(1)...." Subsection 522(g)(1) provides that the debtor may exempt such property, but only "to the extent that the debtor could have exempted such property under subsection (b)...."

(*In re Heintz*, 198 B.R. 581, 586 (B.A.P. 9th Cir. 1996).)

The Debtor is recovering his entire exemption. Thus, the Creditor's lien does not impair the Debtor's exemption. Consequently, the Debtor lacks standing to challenge Creditor's judgment lien as a preference.

G. The First American Abstract of Judgment

Subject to the Court's determination of the issues raised by Debtor attacking the Spondulix Abstract of Judgment, the First American Abstract of Judgment attached to the Debtor's property if the

11

Spondulix judicial lien is avoided

If the Spondulix judicial lien is avoided, then there was, on the date of the filing of Debtor's Bankruptcy Petition, equity in the property in excess of the senior lien and Debtor's exemption. Consequently, the First American judicial lien attached and cannot be avoided or stripped down.

### III. CONCLUSION

The Debtor bears the burden of proof on each issue necessary to avoid Creditors' lien. Subtracting the lien senior to Creditors' judgment lien and the Debtor's exemption from the value of the property will determine whether Creditors' lien may be avoided. The Creditors' lien is not subject to "lien stripping".

The Spondulix judgment lien recorded September 13, 2012, is not voidable. The property had equity in excess of the senior lien and Debtor's exemption. The social security number was unknown when the judgment lien was recorded, the Debtor lacks standing to challenge the absence of the Debtor's social security number. Patrick MacIntyre, as the Assignee' of First American, does not dispute the validity of the Spondulix lien recorded September 13, 2012.

The Abstract of Judgment recorded April 5, 2013 and the Amended Abstract of Judgment recorded May 13, 2013, do not impair the Debtor's exemption. Consequently, the Debtor lacks standing to assert a preference under 11 U.S.C. § 522(h).

The Amended Abstract of Judgment relates back to the recording date of the original Spondulix Abstract of Judgment and is therefore outside of the preference period.

The First American Abstract of Judgment survives Debtor's motion if the Spondulix Abstract of Judgment is avoided because the equity in the property exceeded the senior lien and Debtor's exemption.

Dated: November 20, 2015

Respectfully submitted,

/s/ Lawrence D. Miller
LAWRENCE D. MILLER
Attorney for Creditor Doris Lum

NOTIFICATION OF ELECTRONIC FILING

Court Service List

None