1  RUTH ELIN AUERBACH, SBN 104191
   Attorney at Law
2  77 Van Ness Avenue, Suite 201
   San Francisco, CA 94102
3  Tel: (415) 673-0560
   Fax: (415) 673-0562
4
   Attorney for Debtor,
5  RICHARD CHIU

6

7

8                 UNITED STATES BANKRUPTCY COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10  In re:                              )  Case No.: 13-43677
                                        )  Chapter 7
11  RICHARD CHIU,                       )
                                        )  Trial Date:  October 29, 2015
12          Debtor.                     )  Time:  9:00 A.M.
                                        )  Courtroom:  201
13                                      )  Hon. Roger L. Efremsky
                                        )
14  _____    )

15          DEBTOR'S SUPPLEMENTAL/POST TRIAL BRIEF
                  RE MOTION TO AVOID LIENS
16

17          RICHARD CHIU, aka RICHARD YUK LUM CHIU, the Debtor and Moving

18  Party, hereby submits this supplemental trial brief in support of his Motion to Avoid Liens

19  under §522 of the Bankruptcy Code.   Some of what is set forth in this brief is repetitive of

20  what was contained in the previous briefs, but the information is included in this brief for

21  the easy reference of the Court, so that all arguments are asserted in one place.

22                      I.      BACKGROUND

23          On March 19, 2015, the Debtor filed his Motion to Avoid the judgment liens of

24

25  Spondulix Company, Inc., Mike Rosen (who is the assignee of the Spondulix judgment)

26  and First American Title Insurance Company ("FATI") under 11 U.S.C. §522(f) on the

27  basis that the judgment liens impair the debtor's homestead exemption on his residence at 1

28  Winant Way, Alameda, CA ("The Property").  The Debtor also claimed that the Mike

Rosen abstracts were preferential transfers under §547. Mike Rosen and First American Title Insurance Company filed their responses on the basis that the debtor's residence was worth more than the amount stated in the debtor's schedules. FATI also alleged that the abstract of judgment recorded by Spondulix was invalid as it failed to set forth the debtor's social security number, and that therefore its lien was superior to that of Mike Rosen. On October 21, 2015, one day before the trial documents were required to be filed with this Court, Mike Rosen and FATI reached a settlement whereby an associate of Mr. Rosen purchased the FATI judgment and, according to Mike Rosen's counsel, that party was not going to contest the validity of the Spondulix lien. The validity of the Spondulix lien affects the Debtor's interests in this property as well as his other properties, and therefore the Debtor seeks to have the Court make the determination as to the validity of the lien.

## II.  ISSUES TO BE DETERMINED

This brief is provided in response to the Court's request at the hearing which was scheduled for the Trial of this matter on October 29, 2015. The parties had reached a stipulation that the value of the Debtor's residence as of the date of the Petition was $750,000. It appeared to the parties and to the Court that the matters needing to be decided were legal issues which could be determined without testimony of witnesses. Therefore the issues to be determined are as follows:

      1.       To what extent, if any, may the judgment liens be avoided under 11 U.S.C. §522(f);

      2.       Does the Debtor have standing to seek a determination that the Spondulix Abstract of Judgment is defective and therefore void, and, if so, is the Abstract of Judgment defective and subject to avoidance;

Debtor's Supplemental/Post Trial Brief

3.    Does the Debtor have standing to seek a determination that the Rosen abstracts of judgment may be set aside as preferential transfers and, if so, are the Rosen Liens avoidable under 11 U.S.C. §547?

## III.    LEGAL ARGUMENT

### A. The Liens Are voidable to the Extent that the Lien Amounts Plus the Homestead exceed $750,000

Section 522(a)(2) of the Bankruptcy Code provides that for purposes of §522, "'value'" means fair market value as of the date of the filing of the petition." (*11 U.S.C. §522(a)(2)).*

Section 522(f)(1) provides:

> …The Debtor may avoid the fixing of a lien on an interest of the ebtor in property **to the extent** that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in Section 523(a)(5).

*11 U.S.C. §522(f)(1)*, emphasis added.

The abstracts of judgment which are the subject of this motion result from a judgment for breach of contract and do not relate to a domestic support obligation.

To determine the extent to which a judicial lien may be avoided, the Court is to apply the formula set forth in §522(f)(2) which provides:

> (A)  For purposes of this subsection, a lien shall be considered to impair an exemption **to the extent that** the sum of—
>    (i)      the lien;
>    (ii)     all other liens on the property; and
>    (iii)    the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

Debtor's Supplemental/Post Trial Brief

(B) In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to the other liens.

*11 U.S.C. §522(f)(2)*, emphasis added.

The Debtor's residence was subject to a first deed of trust now being serviced by Fey Servicing, in the principal amount of $580,647.85 (See Debtor's Exhibit 16). The Debtor also owed at the time of the filing was interest, late charges and impound amounts for insurance and taxes, bringing the claim on the date of the filing to $592,532 (see No. 2 on the Supplemental Stipulation of Facts). The other liens against the Debtor's property were the judgment liens at issue here, listed in the Debtor's schedules as unsecured because the Debtor believed there was no equity in his real property, which at face value, totaled $1,072,304.95 (See Debtor's Exhibit 5 and the Title Report attached to the Declaration of Richard Chiu in Support of Motion to Avoid Liens, Debtor's Exhibit 2). The Debtor is entitled to a homestead exemption of $100,000 pursuant to California Code of Civil Procedure §704.730(a)(2).

It is uncontroverted that the liens far exceed the $750,000 value of the Debtor's residence on the date of the filing, and therefore under Section 522(f)(1) the liens may be avoided. The question is to what extent should they be avoided.

Under the formula set forth in §522(f)(2), the liens should be avoided to the extent that the liens are in excess of the amount of the first deed of trust and the debtor's homestead, or $57,468. *In re Been (California Central Trust Bankcorp v. Been)*, 153 F 3d 1034 (9th Cir. 1998).

| | |
|---|---:|
| Value of Residence on Date of Filing | 750,000 |
| Less First Deed of Trust | -592,532 |
| Less Debtor's Homestead | -100,000 |
| Equity absent Judgment Liens | $57,468 |

Debtor's Supplemental/Post Trial Brief

The Creditors' reliance upon the Chabot case is misplaced.  The avoidance is not an all or nothing proposition.  To the extent that Chabot was applied to motions under §522(f), the holding in Chabot was overruled when Congress amended Section 522(f) as part of the Bankruptcy Reform Act of 1994.  *In re Wilson*, 90 F. 3d 347 (9th Cir. 1996).  In 1994, Congress added the mathematical formula described above to determine whether a lien impairs an exemption, and the liens may be partially avoided to the extent they exceed the equity in the property on the date of the filing of the petition.

To the extent that the property has appreciated since the filing of the case, and to the extent that there is any equity over and above the current balance owed under the Chase deed of trust plus the Debtor's homestead, that equity belongs to the estate and the unsecured creditors, should the Trustee determine it appropriate to sell the property.  *In re Gebhardt,* 612 F 3d 1206 (9th Cir. 2010).  Since the Debtor has not made any payments since the filing of this case, he believes that the lien plus the homestead plus the $57,468 exceeds the current value of the property, but for purposes of this motion, that is not something the Court needs to determine.

If the Spondulix/Rosen lien is determined to be valid and not subject to any other avoidance, then the amount of the judgment over $57,468 should be avoided and discharged as an unsecured debt, and the First American lien should be avoided in its entirety.  Conversely, if the Spondulix/Rosen lien is determined to be invalid and/or avoidable, then the First American lien should be avoided as to any amount over $57,468.

**B. The Debtor has standing To Attack the Validity of the Spondulix Liens and the Lien is Defective and Void.**

Section 544(a)(3) grants to the Trustee the power of a hypothetical bona fide purchaser to set aside a lien. *In re Kim*, 151 B.R. 831 (9th Cir. B.A.P. 1993).

The *Legislative History comments to §522(g)*, referring to what is now §522(h) provides:

If the trustee does not pursue an avoiding power to recover a transfer of property that would be exempt, the debtor may pursue it and exempt the property, if the transfer was involuntary and the debtor did not conceal the property.

The Debtor listed the property in his schedules and the Trustee has not pursued his power to recover the transfers;  therefore the  Debtor has the power to do so.

California Code of Civil Procedure §674 requires judgment creditors to list the judgment debtor's social security number if it is known.   If the known social security number is omitted, the abstract of judgment is invalid, and no lien is created against the property. ***Keele v. Reich***, 169 Cal. App. 3d 1129, 1132, 215 Cal. Rptr. 745 (1985).

The Debtor's social security number was included in the Guaranty attached to the Spondulix Complaint, Debtor's Exhibit 13.  Mr. Rosen's position is that the social security number was omitted because the attorney for Spondulix did not believe that the number on the Guaranty was accurate.  The personal guaranty was prepared by Spondulix.  What the attorney believed is irrelevant – the statute requires that the creditor include the number if it is known.  The correct number was known to the Creditor as evidenced by the Guaranty it prepared.  The Debtor provided his financial information to Spondulix before Spondulix agreed to make the loan that gave rise to the judgment.  It is inconceivable that a lender would make a loan in excess of $800,000 without doing any credit review, which could have, and would have, discovered any discrepancy in the Debtor's social security number. The attorney attached to the complaint documents containing the debtor's social security number so the number was available to him.  Under California law, he was required to include the number and he failed to do so.  The result is an invalid lien against the debtor's property.

**C. The Debtor has standing to assert preference claims and the Rosen Liens should be set aside as preferential transfers under §547.**

As set forth in the previous section, the Debtor does have standing to seek to set aside the Rosen abstracts as preferential transfers when they interfere with his right to exemptions. The Trustee cannot assert the claims even if he has not abandoned the property because the statute of limitations has run for the Trustee. The Debtor raised the issues within the statute, and is therefore the appropriate person to pursue the claims.

The Original Rosen Abstract was recorded April 5, 2013, 68 days prior to the filing of the Debtor's Chapter 7 case. Since that Abstract was not designated as "amended", it was insufficient to correct any deficiency in the Spondulix Abstract, and was insufficient to give Rosen priority over the subsequent lien(s). The Rosen Amended Abstract was recorded May 13, 2013, 30 days prior to the filing of the Debtor's Chapter 7 case.

Under 11 U.S.C. §547(b), the Trustee may avoid any transfer of an interest of the debtor in property—

    (1)     To or for the benefit of a creditor;

    (2)     For or on account of an antecedent debt owed by the Debtor before such transfer was made;

    (3)     Made while the Debtor was insolvent;

    (4)     Made—

        (A) On or within 90 days before the date of the filing of the petition; or

        (B) Between ninety days and one year before the date of the filing of the petition, if such creditor at the tie of such transfer was an insider

    (5)     That enables such creditor to receive more than such creditor would receive if—

        (A) The case were a case under Chapter 7 of this title;

Debtor's Supplemental/Post Trial Brief

(B) The transfer had not been made; and

(C) Such creditor received payment of such debt to the extent provided by the provisions of this title.

**11 U.S.C. 547(b)**.

This is a no-asset Chapter 7 case, and unsecured creditors have received no distribution. The transfers were made within 90 days of the filing, at a time when the debtor was insolvent, in that his liabilities exceeded his assets , as evidenced by the Debtor's schedules and the unpaid judgments against him (See Debtor's Schedules, Exhibit 5).

Since Spondulix' defective abstract did not create a valid lien against the property, in light of the intervening abstract of judgment by First American Title, Mr. Rosen's liens did not relate back to the defective lien. They were recorded within 90 days of the bankruptcy filing at a time when the Debtor was insolvent.

### III.  CONCLUSION

Based on the foregoing, the judgment liens created by the recording of the various abstracts of judgment should be avoided as impairing the homestead exemption to which the Debtor is entitled as to all amounts over $57,468. The Spondulix lien was defective and the Rosen attempt to cure the defect occurred within 90 days of the bankruptcy filing and should therefore be set aside as a preferential transfer. The FATI lien should be avoided to the extent that it exceeds $57,468.

To the extent that the Court believes that there are facts which need to be established by testimony, the Debtor respectfully requests that the matter be re-set for an evidentiary hearing as to those matters.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

LAW OFFICE OF RUTH AUERBACH

By:___/s/ Ruth Elin Auerbach_____
RUTH ELIN AUERBACH, Attorney for
Defendant, Richard Chiu