JEREMY W. KATZ (SBN: 119418)
LINDA SORENSEN (SBN: 72753)
shierkatz RLLP
930 Montgomery Street, Suite 600
San Francisco, CA 94133
jkatz@shierkatz.com
Telephone: (415) 895-2895
Facsimile: (415) 520-5879

Attorneys for Trustee
PAUL J. MANSDORF

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>RICHARD CHIU,<br><br>                Debtor. | Case No. 13-43677 RLE 7<br><br>Chapter 7<br><br>TRUSTEE'S OPPOSITION TO MOTION FOR ORDER STAYING ORDER ENTERED MARCH 2, 2016, THAT POST-JUDGMENT APPRECIATION SHALL INURE TO THE BENEFIT OF THE TRUSTEE AND ALTERNATIVELY TO THE DEBTOR<br><br>Hearing: June 15, 2016<br>Time:    2:00 p.m.<br>Room:   201<br><br>The Honorable Roger L. Efremsky, 1300 Clay Street, Oakland, CA 94612 |

      PAUL J. MANSDORF, trustee of this bankruptcy estate (the "Trustee") files his Opposition to creditor Mike Rosen's Motion (the "Motion for Stay") for Order staying Order entered March 2, 2016, that Post-Petition Appreciation shall inure to the Benefit of the Trustee and alternatively to the Debtor (the "Lien-Stripping Order"). The Lien-Stripping Order is located at ECF #82. The Lien-Stripping Order is this Court's ruling on the Debtor's section 522(f) motion. The Trustee opposes the Motion for Stay because Mr. Rosen fails to prove any of the requisite four elements for a stay pending appeal.

1871.132          1          REPLY, COMPROMISE MOTION

shierkatz RLLP
930 Montgomery St., Fl 6
San Francisco, CA 94133
(415) 895-2895

Case: 13-43677   Doc# 120   Filed: 06/01/16   Entered: 06/01/16 11:31:51   Page 1 of 5

The Lien-Stripping Order, among other things, stripped down Mr. Rosen's judgment lien against the Debtor's Alameda, CA residence from $872,000 to $58,000. It also awarded post-petition appreciation in the residence to the Trustee or, alternatively, the Debtor (if the Trustee did not administer the residence). The Trustee intends to administer the residence.

The Motion for Stay focuses on the portion of the Lien-Stripping Order holding that post-petition appreciation inures to the benefit of the estate rather than to the benefit of the judicial lien creditor. Mr. Rosen maintains that as long as his judicial lien remains against the residence in any amount (in this case, $58,000), the amount of the judicial lien increases as equity in the property increases, presumably up to the entire amount of the judicial lien before it was partially stripped. The bottom line for this Court to rule on the Motion for Stay is whether Mr. Rosen will likely prevail on the merits of his appeal, although he must satisfy all four elements in order to obtain a stay. *In re Frantz,* 534 B.R. 378, 385 (Bankr. D. Idaho 2015). The Trustee asserts that Mr. Rosen is not likely to prevail on the merits of his appeal, nor can he satisfy any of the other three elements.

In ruling on the Motion for Stay, this Court exercises its discretion. *In re Frantz, supra,* 534 B.R. at 386. Mr. Rosen bears a heavy burden in seeking the stay. *Id.,* at 385-386.

Why is Mr. Rosen filing the Motion for Stay more than a month-and-a-half after the Lien-Stripping Order was entered? To prevent the Trustee from administering the residence by permitting the Debtor to redeem the equity in it.[1] Mr. Rosen fears that such a disposition will somehow render his appeal moot. Mr. Rosen has not provided any authority that would justify such fear. Of course, the pendency of the appeal itself renders an actual sale of the residence to a third party impossible because the Trustee cannot convey good title—were Mr. Rosen to prevail and his judicial lien be increased to its $872,000 size, the residence would be greatly over-encumbered and the Trustee would not be able to sell the residence free and clear of all liens.

Mr. Rosen couches the issue in his Motion for Stay as follows: "[W]hether the ruling of *In re Chabot* [992 F.2d 891 (9th Cir. 1993)], that post-petition appreciation inures to the benefit of

---

[1] On May 25, 2016, Judge Lafferty denied without prejudice the Trustee's Motion for Approval of Compromise with Debtor regarding Redemption of Equity in Residence, ECF #99, because Judge Lafferty did not consider the proposed redemption of equity a compromise.

SHIERKATZ RLLP
930 MONTGOMERY ST., FL 6
SAN FRANCISCO, CA 94133
(415) 895-2895

1871.132　　2　　REPLY, COMPROMISE MOTION

Case: 13-43677　Doc# 120　Filed: 06/01/16　Entered: 06/01/16 11:31:51　Page 2 of 5

the judicial lien creditor, was or was not overruled by the 1994 amendment to the Bankruptcy Reform Act." Mr. Rosen's memorandum of points and authorities, 2:26-28. The simple answer is that *Chabot* has been overruled: "Our decision in Chabot has been criticized and its holding was overruled when Congress amended section 522(f) as part of the Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, § 303, 108 Stat. (1994 U.S.C.C.A.N.) 4106, 4132." *Wyans v. Wilson (In re Wilson),* 90 F.3d 347, 350 (9th Cir. 1996). Furthermore, the Ninth Circuit has expressly held that the bankruptcy estate is entitled to post-petition appreciation. *Gebhart v. Gaughan (In re Gebhart),* 621 F.3d 1206, 1211 (9th Cir. 2010) ["A number of our cases have held that, under the California exemption scheme, the estate is entitled to postpetition appreciation in the value of property a portion of which is otherwise exempt. [Citations omitted.]"]

The petition date is the operative date for all section 522(f) determinations. *In re Salanoa,* 263 B.R. 120, 121 (Bankr. S.D. Cal., 2001). Pursuant to section 522(f), if the total amount of consensual liens senior to judicial liens plus the appropriate homestead exemption amount exceed the value of a residence, all judicial liens are stripped in their entirety, and the estate benefits from the post-petition appreciation. See, *Katz v. Pike (In re Pike),* 243 B.R. 66, 72 (Bankr. 9th Cir. 1999). The completely wiped-out judicial lienholders are completely out of the money.

Mr. Rosen argues that because the residence had sufficient equity to support a fraction ($58,000' worth) of his former $872,000 judgment lien on the petition date, the amount of his lien should not be forever fixed as of the petition date because the residence appreciated in value. This argument fails. First, the fixing of the amount of the judgment lien as of the petition date would, in effect, be a fiction if the amount of the judgment lien increased as the equity in the property increased. Second, "[t]he amended § 522(f) was intended to make the statutes more favorable for debtors, and protect their 'fresh start' by allowing them the full benefit of the exemption and the benefit of any post-avoidance appreciation in the value of the property. [Citations.]" *In re Pike, supra,* 243 B.R. at 72. Third, "[…] in California, consensual lienholders and judgment lienholders are not treated equally; there is no support for treating [the judgment lien creditor] in a manner similar to that of a consensual lienholder, where Debtor did not voluntarily encumber his property with the [judgment creditor's] lien." *Id.,* at 73.

SHIERKATZ RLLP
930 MONTGOMERY ST., FL 6
SAN FRANCISCO, CA 94133
(415) 895-2895

Case: 13-43677   Doc# 120   Filed: 06/01/16   Entered: 06/01/16 11:31:51   Page 3 of 5

Mr. Rosen asserts that *In re Salanoa, supra,* 263 B.R. 120, supports the merits of his appeal because the Bankruptcy Court for the Southern District of California stated in *dicta* that any post-petition reduction in the amount of consensual liens inured to the benefit of the judgment lien creditor unless the judgment lien was completely avoided. *Id.,* at 123. Here, the reduction in the amount of the consensual lien is not implicated because the mortgage is not being paid by the Debtor and the amount of the consensual lien is increasing. Additionally, the *Salanoa* Court's statement was not a basis for its holding that the petition date is the operative date for all section 522(f) determinations. Furthermore, the predicate for the *Salanoa* Court's statement is the Supreme Court's decision in *Dewsnup v. Timm,* 502 U.S. 410, 116 L. Ed. 2d 903, 112 S. Ct. 773 (1992), which held that section 506(d) prohibited a chapter 7 debtor from stripping down a lien to the extent that it is unsecured. First, *Dewsnup* dealt with a consensual lien and not a judicial lien. Second, *Dewsnup* considered the connection between section 506(d) and section 502(a)'s allowance of secured claims. In the case under consideration, the Court is dealing with section 522(f) and not with the allowance of secured claims.

The point is, Mr. Rosen has not made a showing that he is likely to prevail on the merits of his appeal.

Nor has Mr. Rosen made a showing that he will suffer irreparable harm if the stay is denied. He merely asserts that his judgment lien is "at risk" if the Trustee permits the Debtor to redeem the equity in the residence because the appeal might be rendered moot, or that any administration of the residence by the Trustee "may interfere" with his appellate rights. Mr. Rosen offers no legal basis for his assertions. As discussed earlier, Mr. Rosen's appeal has rendered a sale of the residence to a third party impossible because of the cloud it has placed on title. Mr. Rosen has provided no concrete evidence, however, that a redemption of the equity in the residence by the Debtor will moot or interfere with his appellate rights.

The stay will adversely affect the bankruptcy case because the Trustee will be unable to administer the residence until Mr. Rosen's appeal is exhausted—a process that could wind its way to the United States Supreme Court and take several years. It also prevents the Debtor from

SHIERKATZ RLLP
930 MONTGOMERY ST., FL 6
SAN FRANCISCO, CA 94133
(415) 895-2895

1871.132     4     **REPLY, COMPROMISE MOTION**

Case: 13-43677    Doc# 120    Filed: 06/01/16    Entered: 06/01/16 11:31:51    Page 4 of 5

redeeming the equity in his residence—for the benefit of unsecured creditors—due to Mr. Rosen's unarticulated fear.

Contrary to Mr. Rosen's belief, a stay will not serve the public interest. The public interest is served by permitting a debtor to retain his or her residence, with all enforceable liens attached. Here, the pertinent enforceable liens are the mortgage and Mr. Rosen's judgment lien in the amount of about $58,000. Mr. Rosen gets to keep his lien in the amount prescribed by the Bankruptcy Code, fixed as of the petition date. The public interest in the "fresh start" offered to debtors by the Bankruptcy Code certainly trumps the public interest in an assignee of a judgment lien.

The Trustee submits that Mr. Rosen has failed to carry his heavy burden of satisfying any of the four required elements for this Court to grant the Motion for Stay. Therefore, it must be denied.

Dated: June 1, 2016                             shierkatz RLLP

By: *Jeremy W. Katz*
    JEREMY W. KATZ
    Attorneys for Trustee
    PAUL J. MANSDORF

SHIERKATZ RLLP
930 MONTGOMERY ST., FL 6
SAN FRANCISCO, CA 94133
(415) 895-2895