LAWRENCE D. MILLER SB# 77448
Attorney At Law
1200 Sixth Avenue, Suite 300
Belmont, CA 94002

Telephone: (650) 592-9151

Attorney for Creditor, Mike Rosen as assignee of Spondulix, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>    RICHARD CHIU,<br>        Debtor. | Case No. 13-43677<br><br>Chapter 7<br><br>REPLY TO OPPOSITIONS BY DEBTOR AND TRUSTEE TO MOTION FOR ORDER STAYING ORDER ENTERED MARCH 2, 2016, THAT POST-JUDGMENT APPRECIATION SHALL INURE TO THE BENEFIT OF THE TRUSTEE AND ALTERNATIVELY TO THE DEBTOR<br><br>Date: June 15, 2016<br>Time: 2:00 p.m.<br>Place: Place: 1300 Clay Street<br>          Oakland, CA 94612<br>          Courtroom 201<br>Hon. Roger L. Efremsky, Judge |

    TO: The Honorable Roger Efremsky, Bankruptcy Judge, and to the Clerk of the Court, the Debtor, Counsel for the Debtor, the Trustee, counsel for the Trustee, and all interested parties:

I. REPLY TO OPPOSITION BY THE TRUSTEE

    Creditor's motion satisfies the four criteria for granting a stay.

    A.  Success on the Merits

    Creditor's appeal argues the case of *Dewsnup v. Timm*, 502 U.S. 410 (1992). *Dewsnup v. Timm*, *ibid*, holds that lien stripping is not allowed in Chapter 7 cases. *Dewsnup* applies to motions brought under 11 U.S.C. 522(f) to the extent a lien remains on the property. In support of Creditor's argument, Creditor's Appellate Brief, attached to Creditor's motion as an exhibit, cited *In re Concannon*, 338 B.R.

1

90, 97 (9th Cir. 2006), which stated:

> Furthermore, the majority of courts addressing this issue have applied *Dewsnup* to both consensual and nonconsensual liens in chapter 7 bankruptcy cases. *See, e.g., Boring v. Promistar Bank,* 312 B.R. 789, 797 (W.D.Pa.2004) (citing *Laskin* and holding § 506(d) may not be used in chapter 7 to strip off an allowed judicial lien); *Crossroads of Hillsville v. Payne,* 179 B.R. 486, 491 (W.D.Va.1995) (holding that *Dewsnup's* prohibition against lien stripping barred a chapter 7 debtor from avoiding a wholly unsecured judgment lien under § 506(d)); *Warner v. United States (In re Warner),* 146 B.R. 253, 256 (N.D.Cal.1992) (reversing a bankruptcy court's decision permitting a chapter 7 debtor to strip down an undersecured federal tax lien under § 506(d)); *Swiatek v. Pagliaro (In re Swiatek),* 231 B.R. 26, 29 (Bankr.D.Del.1999) (holding that *Dewsnup* applied to prohibit the avoidance of nonconsensual liens, and observing that "[t]he *in rem* aspect of a judgment is equally as viable in the context of a nonconsensual lien as in that of a consensual one"); *Esler v. Orix Credit Alliance (In re Esler),* 165 B.R. 583, 584 (Bankr.D.Md.1994) (observing that *Dewsnup* "is equally applicable to consensual and non-consensual liens"); *In re Doviak,* 161 B.R. 379, 381 (Bankr.E.D.Tex.1993) (rejecting debtors' argument that *Dewsnup* applies only to consensual liens, and denying debtors' motion to strip down an undersecured federal tax lien); *Rombach v. United States (In re Rombach),* 159 B.R. 311, 314 (Bankr.C.D.Cal.1993) (concluding that *Dewsnup* prohibits debtors "from stripping down the undersecured portion of a non-consensual lien"). *See generally* 4 Collier on Bankruptcy ¶ 506.06[1] [b], at 506–147 (15th ed. rev.2005).

(*In re Concannon*, 338 B.R. 90, 96-97 (9th Cir. 2006).)

Creditor's Appellate Brief at page 12 cited the holding of the Bankruptcy Court in *In re Kerbs*, 207 B.R. 211, 214 (Bankr. D. Mont. 1997) which applied the holding in *Dewsnup v. Timm,* 502 U.S. 410 (1992) to the debtor's motion brought to avoid a judicial lien on the debtor's residence pursuant to 11 U.S.C. § 522(f). Chief Judge John L Peterson stated:

> The motion seeks to avoid judicial liens on certain residential real property upon which Debtors have filed a homestead exemption.

(*In re Kerbs*, 207 B.R. 211 (Bankr. D. Mont. 1997).)

> Our holding is consistent with the recent Supreme Court case *Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). Although the Court was considering section 506(d) of the Bankruptcy Code, the issue before the Court was lien avoidance. The Court in *Dewsnup* reasoned that "[t]he practical effect of petitioner's argument is to freeze the creditor's secured interest at the judicially determined valuation. By this approach, the creditor would lose the benefit of any increase in the value of the property.... The increase would accrue to the benefit of the debtor." *Id.* 502 U.S. at 417, 112 S.Ct. at 778. The Court disagreed with such a result and noted that the lien stays with the property until foreclosure. *Id.* The Court declared that "[a]ny increase over the judicially determined valuation during bankruptcy rightly accrues to the benefit of the creditor, not to the benefit of the debtor...." *Id.*
>
> This circuit spoke to the issue of who receives the benefit of post-petition appreciation in *In re Hyman,* 967 F.2d 1316 (9th Cir.1992). Although the issue was not central to the decision, the court said, "[w]ere we to accept the [debtors'] argument that they're entitled to post-filing appreciation, we would also have to hold that a debtor is subject to post-filing

2

> *de*preciation." *Id.* at 1321. Clearly the Bankruptcy Code does not envision such fluctuations in the value of an exemption. Debtors are entitled to the set amount of the exemption, no more and no less. If debtors wish to realize any appreciation, they can sell the property, receive the exempt amount from the proceeds, and invest it as they see fit.
>
> *City National Bank v. Chabot (In re Chabot),* 992 F.2d 891, 895–896 (9th Cir.1993) (while this Court has held that the Bankruptcy Reform Act of 1994 overruled portions of *Chabot,* the above quoted passage remains intact, *see In re Moe,* 199 B.R. 737, 738 (Bankr.Mont.1995)).

(*In re Kerbs*, *supra*, 207 B.R. at 214.)

The holding of *Dewsnup* applies, and has been applied, to motions brought under 11 U.S.C. 522(f) in Chapter 7 cases seeking to avoid judicial (nonconsensual) liens.

*In re Wilson*, 90 F.3d 347 (9th Cir. 1996) (Trustee's opposition brief at 3:5-6) did not recognize that *In re Chabot*, 992 F.2d 891 (9th Cir. 1993) was overruled in its holding that post-petition appreciation inures to the benefit of the judicial lien creditor. *In re Wilson*, *supra*, 90 F.3d at 350, held the Bankruptcy Reform Act of 1994 was not retroactive. The Court did hold:

> Here, Wilson's ability to recover his homestead exemption is not impacted by the judicial lien because he will receive his statutory amount in a forced sale prior to any distribution of proceeds to satisfy the lien. Because Wilson's homestead exemption is not impaired by Wynns's judicial lien, the lien cannot be avoided. *See Chabot* ("There is no basis for the proposition that the homestead exemption provides ownership benefits, such as the right to appreciation, beyond the set amount.").

(*In re Wilson*, 90 F.3d 247, 351 (9th Cir. 1996).)

*In re Wilson*, *supra*, 90 F.3d at 350 ruled the mathematical formula set forth in Section 522 (f)(2)(A) of the Bankruptcy Reform Act of 1994 would have given a different result. The Court reasoned that prior to the Bankruptcy Reform Act of 1994 the automatic exemption under California Code of Civil Procedure, § 704.950(c), did not arise until a forced sale occurred. The creditor recorded an abstract of judgment while the debtor relied on the automatic exemption. The Appellate Court concluded the creditor's lien attached. Under 11 U.S.C. § 522(f)(2)(A) as amended by the Bankruptcy Reform Act of 1994, the lien would not have attached because the mathematical calculation would have prevented the lien from attaching. Accordingly, the Court concluded the Bankruptcy Reform Act of 1994 overruled *In re Chabot*.

*In re Wilson*, 90 F.3d 347 (9th Cir., 1996) does not hold, or even discuss, post-petition appreciation and therefore did not overrule the holding of *In re Chabot*, 992 F.2d 891 (9th Cir., 1993) that

3

Case: 13-43677    Doc# 122    Filed: 06/08/16    Entered: 06/08/16 16:08:46    Page 3 of 8

post-petition appreciation inures to the benefit of the judicial lien creditor.

In the case at bar the Creditor's lien attached under 11 U.S.C. 522 (f)(2)(A) because there was, on the petition date, value in excess of the senior liens and the Debtor's exemption. Consequently, the Debtor's exemption is not impaired and post-petition appreciation inures to the Judicial Lien Creditor.

*In re Gebhart*, 621 F.3d 1206 (9th Cir., 2010), (Trustee's opposition brief at 3:7-10) held the trustee's failure to object to a debtor's claim of exemption did not preclude the trustee from later selling the property to realize the post-petition appreciation. The Court in *In re Gebhart*, *ibid*, does not mention the existence of a judicial lien creditor, does not discuss the rights of a judicial lien creditor, and does not discuss the issue of the rights of a judicial lien creditor versus the rights of the trustee to post-petition appreciation.

*In re Pike*, 243 B.R. 66 (Trustee's opposition brief at 3:15) relied on the rule that the filing of a bankruptcy petition was the equivalent of a forced sale and, since the creditor's lien was less than the amount by which it impaired the debtor's exemption, the lien was "avoidable in its entirety" (*In re Pike*, *supra*, 243 B.R. at 71). Like *In re Gebhart*, 621 F.3d 1206 (9th Cir., 2010), the Court in *In re Pike*, 243 B.R. 66, does not mention a judicial lien creditor, discuss the rights of a judicial lien creditor, or the rights of a judicial lien creditor versus the rights of a trustee.

Mr. Rosen does not, contrary to the Trustee's argument at 3:17 of his Opposition Brief, argue his lien is not fixed. Mr. Rosen argues his lien attached to post-petition appreciation up to the amount of the lien. If the Debtor wishes to realize his exemption he can sell his property, invest his exemption and realize the appreciation on his new property. (*In re Chabot*, *supra* 992 F.2d at 896; *Kanakaris*, 341 B.R. 33, 34-35; *In re Kerbs*, supra, 207 B.R. at 214).)

Lien avoidance does not protect a debtor's "fresh start" (Trustee's opposition brief at 3:23). A debtor's "fresh start" is protected to the extent of a debtor's exemption in a debtor's property, no more and no less.

> The Bankruptcy Code allows debtors certain exemptions to ensure they receive a fresh start after bankruptcy. These exemptions are not unlimited, however. In this case, where the debtors claimed state, rather than federal exemptions, the homestead exemption is limited to $45,000 by California law. The Chabots are entitled to this amount and no more. There is no basis for the proposition that the homestead exemption provides ownership benefits, such as the right to appreciation, beyond the set amount.

4

(*In re Chabot*, *supra,* 992 F.2d at 895; *In re Kerbs*, *supra*, 207 B.R. at 214.)

A judicial lien creditor's lien attaches to the appreciation of a property after a judicial lien has attached.

> Accordingly, as in *Stephan,* 733 F.2d at 642, we overrule *Jones* and hold, consistent with the intervening California case law, that a judgment creditor is entitled to surplus equity that accrues in a declared homestead after an abstract of judgment is recorded.

(*In re Watts*, 298 F.3d 1077, 1083 (9th Cir. 2002).)

In the case at bar, Creditor's judgment lien attached prior to Debtor's bankruptcy. Creditor's lien was only partially avoided. Consequently the appreciation in the property continues to accrue to the benefit of the Creditor, a Judicial Lien Creditor.

The Debtor will receive his exemption to which he is entitled. The Debtor is entitled to no more. The Trustee argues that 11 U.S.C. § 522(f), by precluding the Judicial Lien Creditor from benefiting from post-petition appreciation, protects the Debtor's "fresh start". This contradicts the Trustee's other argument that the Trustee is entitled to that same appreciation. The Trustee's argument for the appreciation does not "protect the debtor's fresh start".

The Trustee's reliance in *In re Pike*, 243 B.R. 66 (Bankr.9th Cir 1999) is misplaced. *In re Pike*, ibid, cited *In re Jones*, 106 F.3d 923, 926 (9th Cir. 1997) which was overruled by *In re Watts*, supra, 298 F.3d at 1082-1083.

The above-cited authorities make it likely, if not probable, that Mr. Rosen will likely prevail on his appeal. However, at a minimum, the authorities cited in Mr. Rosen's moving papers and this Reply demonstrates "a reasonable likelihood of success on the merits". (*In re Hoekstra*, 268 B.R. 904,906 (Bankr. E.D. Va. 2000).)

B. Irreparable Injury

Any disposition of the Debtor's post-petition equity pending the appeal would convert the judicial lien creditor to an unsecured or partially unsecured creditor. The Creditor will be irreparably injured by his inability to enforce his unsecured judgment against this insolvent Debtor whose discharge has been granted. Absent a stay of enforcement pending the appeal, Mr. Rosen has no remedy for the recovery of his lien rights should Mr. Rosen prevail on his appeal.

> If expenditures cannot be recouped, the resulting loss may be irreparable. See, *e.g., Mori v. Boilermakers,* 454 U.S. 1301, 1303, 102 S.Ct. 1046, 70 L.Ed.2d 370 (1981) (Rehnquist, J., in chambers).

(*Philip Morris USA Inc. v. Scott*, 131 S. Ct. 1, 4, 177 L. Ed. 2d 1040 (2010).)

Mr. Rosen's lien need not cloud the title to the property precluding a sale. The Trustee can, and in this case should, move this Court to order the sale of the property free and clear of liens with the proceeds being subject to this Court's order at Docket 82 and the outcome of Mr. Rosen's appellate rights.

C. Harm to the Estate

The Trustee argues at 4:25 of the Trustee's opposition that a stay pending appeal will preclude administration of the Estate. Absent a foreclosure, discussed *infra*, any delay occasioned by a stay will not preclude the Trustee from selling the property free and clear of liens. Absent a sale of the property a stay will not prejudice the Estate. The Trustee can consummate a proposed sale of the equity to the Debtor after the appeal is decided, likely for a larger sum as property continues to appreciate in the San Francisco Bay Area. (See Docket Number 38 and Docket Number 107.)

D. Harm to the Public Interest

A stay pending the appeal will not affect the public, other than the resolution of the issues raised on the appeal and avoiding the appeal from becoming moot.

> The interest of the public in a stay pending appeal is slight. In the context of preliminary injunctions, from which this factor is borrowed, considerations of the public interest involve testing whether the relief requested would affect the public at large, as opposed to the immediate parties to the appeal.

(*In re Fullmer*, 323 B.R. 287, 305 (Bankr. D. Nev. 2005).)

Only the parties to the appeal will be affected by a stay.

However, the public interest will benefit from an appellate ruling on the issue presented by the pending appeal.

II. REPLY TO OPPOSITION BY THE DEBTOR

The Debtor's opposition does not address the potential of a transfer of the property while the appeal is pending. A sale or transfer to a third party, particularly for less than the full value of the property, will arguably moot the appeal and simultaneously render the Creditor unsecured precluding a recovery on the Creditor's lien rights to post-petition appreciation.

6

Conditioning a denial of Creditor's motion on a sale of the property by the Trustee and sequestering the funds pending a determination of the appeal will allow the Estate to recover the equity in the property for the benefit of the Estate subject only to the outcome of Creditor's appeal.

The Debtor's failure to pay his mortgage, while not paying rent to the Trustee, should not prejudice the Creditor's right to pursue the pending appeal, which has been fully briefed. The Debtor is asking this Court to reward the Debtor for his own neglect.

If the Debtor allows the foreclosure to proceed to sale, the Estate and the Creditor will benefit. The property is valued at $1,115,000 (Docket 107). The Trustee estimates the holder of the first deed of trust is owed approximately $745,000 (Docket 99-2 at p. 2, lines 16-17). The Creditor's lien approximates $58,000 plus interest. The property has equity of approximately $300,000. A foreclosure sale will likely recover a substantial sum, either for the Estate or the Creditor, and without the associated costs of sale by the Trustee.

### III. CONCLUSION

The holding of *Dewsnup v. Timm,* 502 U.S. 410 (1992) applies to motions brought pursuant to 11 U.S.C. § 522(f). (*In re Kerbs*, 207 B.R. 211 (Bankr. D. Mont. 1997).)

The Creditor has demonstrated the likelihood of the success of Creditor's appeal. Recognizing the Court and Creditor have agreed to disagree on the issue presented by the appeal, nonetheless the appeal raises a question going to the merits so serious, substantial, difficult or doubtful, as to make it a fair ground for litigation. (*In re Hoekstra*, 268 B.R. 904, 906 (Bankr. E.D. Va. 2000).)

The Creditor is faced with irreparable injury should the stay not be granted. A transfer or sale of the property will render the Creditor unsecured as to post-petition appreciation without a foreseeable source of recovery.

The Estate will not be harmed. A Court supervised sale of the property will yield a substantial recovery and allow the Court to preserve the proceeds pending the outcome of Creditor's appeal. A foreclosure sale will likewise yield a substantial recovery and without the associated costs a sale.

The public at large will not be harmed by staying the order (Docket 82) pending the outcome of the appeal.

For the reasons set forth above, Creditor respectfully submits a stay ought to issue pending the

7

Case: 13-43677    Doc# 122    Filed: 06/08/16    Entered: 06/08/16 16:08:46    Page 7 of 8
Reply to Oppositions by Debtor and Trustee

1 appeal.

Dated: June 8, 2016                    Respectfully submitted,


                                       /s/ Lawrence D. Miller
                                       LAWRENCE D. MILLER
                                       Attorney for Creditor, Mike Rosen

8

Case: 13-43677   Doc# 122   Filed: 06/08/16   Entered: 06/08/16 16:08:46   Page 8 of 8